Mr. Justice Waiter delivered the opinion of the Court. This suit was commenced on the 31st August, 1849. The note sued on was due the 9th December, 1844; so that the action was barred by limitation. To this defence it was replied, that the statute bar had been removed by a written 'acknowledgment of the debt, upon which issue was taken. The question presented for consideration is, did the proof sustain the issue ? In such cases, it requires thatt he acknowledgment should be an unqualified acknowledgment of the debt as a debt then due, or an express promise to pay the debt, which pre-supposes such acknowledgment. Brown v. State Bank, 5 Eng. 134. Such was not the character of the evidence in this case. It was the record of a settlement made by the defendant, Ashley, as public administrator, with the Probate Court, in which the note in suit was set forth. Due or not due he was chargeable with the note, and upon his settlement with the court, he was bound to render an account of it in order to get credit for that amount in settlement. This act was neither an admission nor a denial of indebtedness, nor of a willingness or unwillingness to pay. That debt stood upon the same footing that all other claims did in this repect, and was turned over to the court to be received by his successor, who might or might not put him to an issue of indebtedness. Suppose, however, the acknowledgment to have been direct and positive on the part of Ashley, if made after the statute bar had attached to the debt, it was not sufficient to remove the statute bar as to Buchanan. Biscoe et al. v. Jenkins et al., 5 Eng. 108. And by reference to the date of settlement with the probate court, such is found to be the case. The replication would, in any event, have been bad as to Buchanan, and as the replication sets up a joint acknowledgment, the defence would fail as to one, and, being joint, it must also fail as to both. But it is wholly unnecessary to press the inquiry even thus far, because it is evident that no sufficient written acknowledgment was offered in evidence to charge either of the defendants We are therefore of opinion that the circuit court did hot err in deciding the issues for the defendant, and rendering judgment thereon. Let the judgment be in all things affirmed.